IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
|    **CASEY JOE KELLY** | ) | |
|        and | ) | Case No. 16-10028-M |
|    **REGINA TERESA KELLY** | ) | |
| | ) | |
| | ) | Ch. 7 |
|    **Debtors.** | ) | |

## EMERGENCY MOTION FOR INJUNCTIVE RELIEF

COMES NOW Robt S Coffey, counsel for the named Debtors, and hereby moves the Court to grant a temporary restraining order enjoining Creditor Bank of America from proposing a confirmation of the sale of Debtors' homestead, in support of which counsel would show the court:

### PROCEDURAL HISTORY OF THE CASE

1. Debtors filed for Chapter 7 bankruptcy protection on or about January 12, 2016. At that time Debtors had had no income for several months due to loss of employment.

2. Creditor Bank of America filed its motion for relief from the stay protecting Debtors home on February 1, 2016. Debtors objected, but withdrew their objection on February 26, 2016, upon Creditor's proof of the amount of the mortgage showing that Debtors had no equity in the property.

3. The Court issued its Order of Abandonment and Terminating Stay on February 29, 2016.

4. On April 15, 2016, Debtors filed a Corrected Motion to Convert Case to Chapter 13, to which an objection was filed by newly appointed trustee, Scott Kirtley, to which objection Debtors responded on May 2, 2016.

5. Debtors asked for conversion on the grounds that whereas when they originally filed for bankruptcy protection they were indigent, they had undergone a dramatic reversal of fortunes, finding themselves in a position to resume payments on their mortgage and its arrearage, as well as their unsecured debt.

6. A hearing on the issues as they are outlined above is presently set for May 24, 2016.

7. At the confirmation of the sale of Debtors' home pursuant to the Order Terminating Stay, the state court continued the confirmation hearing until May 17, 2016, so as to permit Debtors an opportunity to revisit the matter of the stay before the instant court.

## ARGUMENT AND AUTHORITIES

This Court has jurisdiction in the instant matter under Bankruptcy Rule 7001(7).

In a test for injunctive relief, the applicant must show: (1) a substantial likelihood of success on the merits, (2) irreparable harm, (3) less harm to the opposing party, and (4) no violation of the public interest. Smith v. Citifed (In re Smith), 111 B.R. 102, 104-05 (Bankr.E.D.Pa.1990).

The first of those prongs will be met "if the debtor has a reasonable probability of confirming a plan of reorganization." Id. at 105; see also White v. Bankers Mortgage Corp. (In re White), 22 B.R. 542 (Bankr.D.Del.1982) (in Chapter 13 case, to determine whether

to grant debtor's § 105 motion to enjoin a sheriff's sale, court must first examine feasibility of proposed reorganization plan.)

The circumstances in this case are truly extraordinary. From a state of extreme penury to a six figure income practically overnight, Debtors now find themselves in the enviable position of being able to save their home, as well as to pay off the entirety of their unsecured debt, within a Chapter 13 bankruptcy proceeding. Debtors' dramatic change in circumstances gives them an extremely strong chance of confirming their Chapter 13 plan, satisfying the first prong.

Though Creditor Bank of America might be tempted to cite inconvenience to circumvent a restraining order, inconvenience is not comparable to the injury Debtors would suffer by loss of their home. Orders granting relief from stay "can be brutal." In Re Rickey Linda Thomas, A.P. No. 07-00042 (Memorandum Opinion, Bankr. N.D. Ala. Southern Division, April 20, 2007). See also Lasky v. Continental Products Corp., 804 F.2d 250, 255 n.9 (3d Cir. 1986) and Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977). (Rule 60(b)(6) designed to cover exceptional circumstances where absent such relief extreme hardship will result); In Re Rickey Linda Thomas, supra at page 14 (foreclosure on debtor home results in irreparable injury, greater than any suffered by creditor).

Any inconvenience to Creditor pales by comparison to the prospect of Debtors losing their home, satisfying the second and third prongs.

The fourth prong, that of the public interest, is well served by carrying out the purpose of the bankruptcy code of fairness to creditors and a breathing space for honest debtors. "The central purpose of the [Bankruptcy] Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors,

3

and enjoy 'a new opportunity in life with a clear field for future effort'." Grogan v. Garner, 111 S.Ct. 654 (1991) (citations omitted).

Under Rules 7065 of the Code and 65 of the FRCivP, specific facts of loss or injury that would occur before a hearing otherwise scheduled by the court must be alleged to qualify for a protective order. It also requires that efforts be made to contact opposing counsel.

As outlined in the procedural history of the case above, Debtors have a state court hearing scheduled for May 17, 2016, for confirmation of the sheriff's sale of their homestead, putting that homestead into immediate jeopardy of irreparable loss. Until the sale has been confirmed, however, Creditors' rights to the property in question are still vested in them. "[I]n Oklahoma a sheriff's sale in mortgage foreclosure is a judicial sale. It must be both ordered and confirmed by the court." Brewster v Herron, 1952 OK 440, 267 P.2d 143, fn 8.

Since the hearing on Debtors' motion to convert is set for May 24, 2016, one week after the hearing on confirmation of sheriff's sale, Debtors would ask the Court to grant a temporary order before the short window within which the property is still vested in them closes, enjoining Creditor Bank of America from proposing confirmation of the sheriff's sale until a decision has been made as to conversion to a Chapter 13 proceeding.

If that be granted, Debtors ask that it be made effective until the subsequent confirmation of a Chapter 13 plan, at which point another automatic stay would fall into place. "The provisions of a confirmed plan bind each creditor whether or not such creditor has objected to, has accepted, or has rejected the plan." In re Diviney, 211 B.R. 951, (Bankr. N.D.Okla., 1997).

Debtors' counsel object to this motion.

WHEREFORE, counsel for Debtors respectfully requests that the Court grant a temporary restraining order enjoining Creditor Bank of America from proposing confirmation of the sheriff's sale until a decision has been made as to conversion to a Chapter 13 proceeding, and if that be granted until the subsequent confirmation (or failure) of a Chapter 13 plan.

DATED this 16th day of May, 2016.

Respectfully submitted

/s/ Robt S Coffey_____
Robt S Coffey OBA# 17001
1737 South Peoria Avenue No 25
Tulsa, OK 74120
918 361-9151
robts_coffey@yahoo.com

## CERTIFICATE OF SERVICE

I, the undersigned counsel for Defendant(s) in this matter, hereby swear or affirm that on the 16th day of May, 2016, I caused the foregoing document to be served upon all interested parties by means of the Court's Electronic Noticing System.

/s/ Robt S Coffey_____
Robt S Coffey OBA# 17001